UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

                              Plaintiff,

        v.                                                    9:23-CV-1136
                                                              (MAD/ML)

NORTHEAST OHIO CORRECTIONAL CENTER,

                              Defendant.

---

APPEARANCES:

DAVID C. LETTIERI
Plaintiff, Pro Se
5526 Niagara Street
Lockport, NY 14095

MIROSLAV LOVRIC
United States Magistrate Judge

### DECISION and ORDER

The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff David C. Lettieri pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). In the complaint, plaintiff asserts claims of misconduct arising out of his confinement at Northeast Ohio Correctional Center, which is located in Mahoning County, Ohio. *See generally* Compl. Plaintiff has not paid the filing fee for this action, but has filed an application to proceed in forma pauperis. Dkt. No. 2.

The relevant venue provision for a Section 1983 action is 28 U.S.C. § 1391(b), which provides as follows:

> A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).[1]

The correctional facility where plaintiff's claims arose is located in Mahoning County, Ohio, which is in the Northern District of Ohio, Eastern Division.  *See* 28 U.S.C. § 115(a). Moreover, the only defendant named in the complaint is Northeast Ohio Correctional Center. In other words, this case has no connection to the Northern District of New York.

Based upon the foregoing, the Court finds that venue of plaintiff's action is not proper in this District.  The Court further determines that it is in the interest of justice that this action be transferred to the Northern District of Ohio, Eastern Division.  28 U.S.C. § 1406(a).  The Court makes no ruling as to plaintiff's in forma pauperis application, or the sufficiency of his complaint, thereby leaving those determinations to the Northern District of Ohio.

**WHEREFORE**, it is hereby

**ORDERED** that this action be transferred to the United States District Court for the Northern District of Ohio, Eastern Division; and it is further

---

[1] Even where venue is proper, a district court may sua sponte decide to transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought.  *See* 28 U.S.C. § 1404(a); *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002).

**ORDERED** that the Clerk advise the Clerk of the Northern District of Ohio of the entry of this Decision and Order and provide all information necessary for the Clerk of the Northern District of Ohio to electronically access the documents filed in this action.  The Court hereby waives the fourteen (14) day waiting period provided for in Local Rule 3.7; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: November 7, 2023
      Binghamton, NY

Miroslav Lovric
U.S. Magistrate Judge

3