**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | CASE NO.  4:23-cv-2172 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| NORTHEAST OHIO | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff, David C. Lettieri, was a federal pretrial detainee in the custody of the United States Marshal Service and confined at defendant Northeast Ohio Correctional Center ("NEOCC") at the time the events described in the complaint occurred. Plaintiff filed this civil rights action against NEOCC. (Doc. No. 1 (Complaint).) Accompanying the complaint is plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants by separate order.

Plaintiff's complaint is sparse and contains virtually no facts. In the statement of his claim, plaintiff states "claim to not Inspector [sic] the mail." (Doc. No. 1, at 4.[1]) He also states that he mailed a letter that was returned "for reasons[,]" though he fails to identify what those reasons might have been. (*Id.* at 5.) Plaintiff appears to claim that NEOCC conducted an unlawful search and violated his due process rights. (*See id.* at 3.) He seeks $100,000.00 in damages. (*Id.* at 5.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). As previously noted, the Court must also hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). The "lenient treatment generally accorded to *pro se* litigants[, however,] has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, a plaintiff's complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. The complaint fails to connect any alleged occurrence to any specific, cognizable injury, and plaintiff fails coherently to identify how the defendant has harmed him. Plaintiff's pleading is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 56 U.S. at 678. Plaintiff's complaint, therefore, lacks an arguable basis in fact, and it fails to state a claim on which the Court may grant relief.

Even if plaintiff had satisfied Rule 8, he fails to state a plausible claim for relief. Liberally construing the complaint, it appears that plaintiff is asserting a cause of action under the Fourth Amendment (search and seizure) and the Due Process Clause of the Fourteenth Amendment. Because the U.S. Constitution itself does not provide for damages, plaintiff must bring his claim

under a civil rights statute that authorizes an award of damages for constitutional violations. Plaintiff checked a box on the complaint suggesting he was bringing the action under 42 U.S.C. § 1983. (*See* Doc. No. 1, at 3.) To state a claim under § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Generally, to be considered to have acted "under color of state law," the person who commits the constitutional violation must be a state or local government official or employee. NEOCC is not a state actor. NEOCC houses federal prisoners, such as plaintiff, through an agreement to provide services for the federal government. This agreement is between CoreCivic, a private corporation that owns and operates NEOCC, and the United States Marshal Service. Plaintiff was a United States Marshal Service detainee incarcerated at NEOCC pursuant to a federal contract with the Marshal Service. NEOCC was not acting on behalf of the State of Ohio, and, therefore, cannot be considered a state actor under § 1983. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 Fed. App'x 339, 342 (6th Cir. 2014) (district court correctly found that § 1983 is not applicable to federal prisoner's claims against NEOCC and its warden). Plaintiff, therefore, fails to state a civil rights action under § 1983 claim against NEOCC.

The only potential vehicle for bringing a claim for damages based on alleged constitutional violations by a federal official is *Bivens*.[2] *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 456, 151 L. Ed. 2d

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

456 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing

constitutional violations. *Id.*; *see F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86, 114 S. Ct. 996, 127 L.

Ed. 2d 308 (1994) ("[T]he purpose of *Bivens* is to deter the *officer*. . . . An extension of *Bivens* to

agencies of the Federal Government is not supported by the logic of *Bivens* itself." (emphasis in

original)). A *Bivens* action, therefore, cannot be brought against an entity such as a federal prison,

the Bureau of Prisons ("BOP")**,** or the United States Government. *Malesko*, 534 U.S. at 72.

NEOCC is a private prison. To avoid imposing asymmetrical liability costs on private prison

facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a

private prison corporation. *Id.* at 70–74 (noting that when a prisoner in a BOP facility alleges a

constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff,

therefore, cannot bring a *Bivens* claim against NEOCC.

Accordingly, the Court dismisses this action. Further, the Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: December 11, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**