**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | CASE NO. 4:23-cv-2172 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL CENTER, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 11, 2023, the Court dismissed this civil rights action filed by *pro se* plaintiff, David C. Lettieri, upon a screening under 28 U.S.C. § 1915(e). (Doc. No. 14 (Memorandum Opinion and Order); Doc. No. 15 (Judgment Entry).) The Court also certified, pursuant to § 1915(a)(3), that an appeal could not be taken in good faith.[1] (Doc. No. 14, at 5[2].) Nevertheless, on January 2, 2024, plaintiff filed a notice of appeal with the Sixth Circuit Court of Appeals challenging this Court's decision. (Doc. No. 16 (Notice).) Also on January 2, 2024, plaintiff filed with this Court a motion for reconsideration. (Doc. No. 17 (Motion).) The Sixth Circuit has advised that it is holding plaintiff's appeal in abeyance while this Court resolves the pending motion for reconsideration. (Doc. No. 18 (Appeal Remark).) For the reasons set forth below, the motion for reconsideration is denied.

---

[1] By separate order, plaintiff's motion for leave to proceed *in forma pauperis* was granted. (Doc. No. 13 (Order Granting IFP Status); *see* Doc. No. 2 (IFP Motion).)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

## I. RELEVANT BACKGROUND

On September 5, 2023, plaintiff, then a federal pretrial detainee, filed a complaint in the District Court for the Northern District of New York against defendant, Northeast Ohio Correctional Center ("NEOCC"). (Doc. No. 1 (Complaint).) In his complaint, plaintiff vaguely alluded to his belief that defendant violated his constitutional rights while he was confined at NEOCC by interfering with the mail. (*See generally id*.) On November 7, 2023, the New York district court, pursuant to 28 U.S.C. § 1406(a), transferred this action to the Northern District of Ohio. (Doc. No. 10 (Order of Transfer), at 2.)

In its dismissal order, this Court found that plaintiff's "sparse" complaint "fail[ed] to meet the most basic pleading standard under Rule 8" of the Federal Rules of Civil Procedure. (Doc. No. 14, at 1, 3.) Indeed, the Court determined that plaintiff failed to identify any factual event that could be connected to a cognizable injury. (*Id*. at 3.) Additionally, the Court found that plaintiff failed to identify any facts that would support a finding that NEOCC, a private prison, had acted under color of state law as would have been necessary to support a claim against NEOCC under 42 U.S.C. § 1983. (*Id*. at 4 (citing, among authority, *Bishawi v. Ne. Ohio Corr. Ctr*., 628 F. App'x 339, 342 (6th Cir. 2014)). It also held that binding precedent prevented plaintiff from bringing a *Bivens*-type[3] action against NEOCC. (*Id*. at 5 (citing *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 70–74, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001).)

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

## II. STANDARD OF REVIEW

Plaintiff did not bring his motion for reconsideration under any specific rule. When a party fails to identify the basis under which it brings a motion for reconsideration, the Court may look to the timing of the motion to determine whether it should be reviewed under Fed. R. Civ. P. 59(e) or under Rule 60(b). *See Turner v. Gen. Motors Corp.*, 23 F. App'x 415, 416 (6th Cir. 2001); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991); *see e.g., Shingleton v. Timmerman-Cooper*, No. 3:30-cv-450, 2008 WL 4445303, at *1 (S.D. Ohio Sept. 29, 2008). If a party brings an unspecified motion for reconsideration within the 28-day window set forth in Rule 59(e), courts will typically review the motion under Rule 59(e). And if a party brings such a motion more than 28 days after the relevant judgment, courts review the motion under Rule 60(b). Plaintiff's motion was filed withing 28 days of the Court's order of dismissal. Accordingly, the Court will treat motion as brought under Rule 59(e).

A motion to alter or amend under Rule 59(e) is extraordinary and is seldom granted, "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-cv-569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (citation omitted). A court may grant a motion to alter or amend a judgment only if there was "[1] a clear error of law; [2] newly discovered evidence; [3] an intervening change in controlling law; or [4] to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A Rule 59(e) motion is not an opportunity to reargue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id*. (citation omitted).

## III. DISCUSSION

None of the assertions in plaintiff's motion for reconsideration justifies relief under Rule 59(e). Specifically, plaintiff has failed to identify a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Instead, he appears to invite the Court to review the docket of a separate action brought by a different plaintiff against CoreCivic Inc ("CoreCivic"), the parent company of NEOCC. (Doc. No. 17, at 1–2 (citing N.D. Ohio Case No. 4:22-cv-1811).) In that case, another federal pretrial detainee at NEOCC brought suit against CoreCivic alleging certain civil rights violations. *See Wilson v. CoreCivic Inc.*, No. 4:22-cv-1811, 2023 WL 7109719, at *1–2 (N.D. Ohio Oct. 27, 2023). In response to a motion to dismiss, the plaintiff attempted to amend her complaint to include the Mahoning County Sheriff as a defendant, as well as allegations relating to a pass-through agreement the sheriff had with the United States Marshals Service ("USMS"). *Id.* at *1. The district court denied the motion to amend as futile, finding that the sheriff's participation in the pass-through agreement with USMS did not "convert the housing of federal detainees into state action, or create state actors." *Id.* at *4.

Here, plaintiff notes that "Ohio state inmates were housed" at NEOCC, and further observes that "one of the jobs that a state inmate was able to get was dealing with the mail." (Doc. No. 17, at 1.) From there he argues that the potential presence of state inmates in the mailroom somehow supplies the "color of state law" lacking from his complaint. (*Id.* at 2.) There are several problems with this argument on reconsideration. As an initial matter, a motion for reconsideration is not available for "the losing party to attempt to supplement the record with previously available evidence[.]" *Allen v. Henry Ford Health Sys.*, No. 08-cv-14106, 2010 WL 5653253, at *1 (E.D. Mich. Feb. 19, 2010) (citation omitted). Further, to the extent plaintiff seeks leave to amend his

complaint to include facts mentioned for the first time on reconsideration, such a motion would be inappropriate. The Sixth Circuit has held that Rule 15(a)'s liberal amendment standard does not apply to complaints summarily dismissed under 28 U.S.C. § 1915(e)(2). *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004). "[A] district court may not permit a plaintiff to amend the complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2). *Id*. (citation omitted). Section 1915 "also proscribes a district court from permitting a plaintiff to amend his complaint *after* that court has dismissed the complaint under § 1915(e)(2)." *Id*. (emphasis in original); *see also Wimberly v. Embridge*, 93 F. App'x 22, 23 (6th Cir. 2004) (stating that, pursuant to 28 U.S.C. § 1915(e)(2), the district court had no discretion to permit the non-prisoner IFP plaintiff to amend the complaint which was subject to *sua sponte* dismissal as written).

But even if the liberal amendment standard of Fed. R. Civ. P. 15(a) applied to *in forma pauperis* prisoner complaints, the Court would still deny plaintiff leave post-judgment to amend as futile. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (holding that where additional factual allegations in a motion to amend do not further the plaintiff's constitutional claims, amendment is futile and the motion to amend is properly denied under Rule 15(a)). The alleged facts—relating to defendant's purported use of state prisoners to assist with the mails—fails to demonstrate that defendant was a state actor or cure the numerous other pleading deficiencies identified by the Court in its dismissal. (*See* Doc. No. 14, at 3–5.) The fact remains that NEOCC was not acting on behalf of the State of Ohio when it housed plaintiff, a federal pretrial detainee, and any alleged constitutional violations flowing from that housing could not establish liability for NEOCC under § 1983. *See Wilson*, 2023 WL 7109719, at *3 (citing *Bishawi*, 628 F. App'x at 342) (district court correctly found that § 1983 is not appliable to federal prisoner's claims against


NEOCC and its warden); *see, e.g.*, *Yu v. NEOCC*, No. 4:12-cv-507, 2012 WL 6705857, at *2 (N.D. Ohio Dec. 26, 2012) (dismissing § 1983 action brought by federal pretrial detainee, finding that NEOCC and its officers were "not state officials, they [were] not acting on behalf of or obtaining significant aid from the State of Ohio, nor [were] they exercising a power that is reserved exclusively for the State of Ohio").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration (Doc. No. 17) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 10, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**