**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DAVID C. LETTIERI,                        )        CASE NO. 4:23-cv-2172
                                          )
                                          )
                    PLAINTIFF,            )        JUDGE SARA LIOI
                                          )
vs.                                       )
                                          )        ORDER
NORTHEAST OHIO CORRECTIONAL               )
CENTER,                                   )
                                          )
                    DEFENDANT.            )

On December 11, 2023, the Court granted the motion of *pro se* plaintiff, David Lettieri, to proceed *in forma pauperis* in this action. (Doc. No. 13 (Order); *see* Doc. No. 2 (Motion).) Thereafter, the Court dismissed plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim on which the Court may grant relief. (Doc. No. 14 (Memorandum Opinion and Order); Doc. No. 15 (Judgment Entry).) This Court further certified, pursuant to 28 U.S.C. § 1915(a)(3), that appeal from this decision could not be taken in good faith. (*See* Doc. No. 14, at 5; Doc. No. 15, at 1.) Plaintiff subsequently filed a notice of appeal from the Court's judgment, and his appeal remains pending in the Sixth Circuit Court of Appeals. (Doc. No. 16 (Notice of Appeal).)

Plaintiff also continued to file motions in this Court seeking—through a variety of procedural mechanisms—to challenge the dismissal of his complaint. (*See, e.g.*, Doc. No. 17 (Motion for Reconsideration); Doc. No. 20 ("Motion to Lastly Reconsider"); Doc. No. 21 (Motion to Amend); Doc. No. 23 (Motion to Amend).) The Court denied each of these post-judgment

motions as entirely without merit. (*See, e.g.*, Doc. Nos. 19, 22; *see* Order [non-document], 3/6/2024.) In an opinion denying plaintiff's second motion for reconsider and his second motion to amend his complaint post-screening, the Court cautioned plaintiff that "should he persist in asserting issues and arguments that have been addressed and rejected, the Court may consider placing him on Restricted Filer status." (Doc. No. 22, at 2.) Plaintiff continued to file baseless post-judgment motions. (*See, e.g.,* Doc. No. 23 (Motion to Amendment).) In a non-document order, dated March 6, 2024, the Court denied the motion to amend and reminded plaintiff that it would consider restricting his ability to submit future filings if he continued to file frivolous motions. (Order [non-document], 3/6/2024.)

Now before the Court is plaintiff's motion to vacate the Court's judgment, in which he suggests that the Court was without authority to screen his complaint. (Doc. No. 24.) Because plaintiff pursued his complaint *in forma pauperis*, it was subject to the screening requirements under 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief). Plaintiff's motion to "vacate" the Court's judgment, therefore, is wholly without merit and is denied.

The Court has now cautioned plaintiff on two different occasions that his continued insistence on filing frivolous post-judgment motions could result in the Court restricting his access to the Court's docket. (*See* Doc. No. 22, at 2; Order [non-document], 3/6/2024.) Plaintiff did not heed these warnings. While the Court is very tolerant of legal filings from *pro se* litigants, its tolerance is not without limits. Federal Courts have both the inherent power and constitutional

obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *United States v. Rotnem*, No. 5:16-cr-388, 2020 WL 2063408, at *2 (N.D. Ohio Apr. 20, 2020) (citations omitted). Federal courts also have the power to award sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

Moreover, the Court has the responsibility to prevent litigants from unnecessarily consuming judicial resources needed by others. To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002); *Siller v. Haas*, 21 F. App'x 270, 272 (6th Cir. 2001) (unpublished); *Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (Table), 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writ Act, 28 U.S.C. § 1651(a)).

Accordingly, the Court enjoins plaintiff from filing any new motions or documents in this case without first seeking and obtaining leave of court in accordance with the following:

1. Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File," with any motion he proposes to file.

2. As an exhibit to any motion seeking such leave, plaintiff must attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion for leave is denied, the proposed motion shall remain on the docket as a matter of public record but will not be deemed filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion

for leave to file and may be considered an act of contempt for which he may be sanctioned accordingly.

The Clerk's Officer is hereby ordered as follows: Any motion submitted by plaintiff in this case shall not be filed unless specifically identified as a "Motion Pursuant to the Court Order Seeking Leave to File," and unless it contains: (1) an affidavit or sworn declaration as required by this Order; and (2) a copy of this Order. This Order shall have no bearing on plaintiff's right to appeal any of the Court's orders to the Sixth Circuit or any other court of appropriate jurisdiction.

For the foregoing reasons, plaintiff's motion to vacate (Doc. No. 24) is denied, and the Court hereby identifies plaintiff as a restricted filer.

**IT IS SO ORDERED**.

Dated: June 3, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4